Swift v. Fletcher.

HENRY A. SWIFT, Appellant, *vs.* LORIN FLETCHER, Respondent.

APPEAL FROM THE DISTRICT COURT OF NICOLLET COUNTY.

Under *Sec.* 51, *page* 537, *Stats. of Minn*, a Defendant has the same time to answer a complaint after it is served upon him, that he had of unexpired time when he served notice of appearance.

Where the Defendant pleads in time, the Court has no discretion on the question of opening up a judgment entered against him by default. A motion for this purpose is not an appeal to the favor of the Court, but an application for the enforcement of a right; and a denial of it may be reviewed in this Court. Where the answer is not in time, a motion for leave to plead is addressed to the discretion and favor of the Court, and not appealable, unless such discretion is abused.

The counter claim contemplated by the Statute (*page* 541. *sec.* 71. *Id. p.* 554, *sec.* 170,) must be one upon which an action can be maintained by the Defendant at law or in equity.

The act of March 8, 1860, (*Sess. Laws of* 1860, *page* 216,) was designed to compel parties whose demands were secured in the manner stated in the act, to proceed first to exhaust their securities, before bringing suit upon the original claim. The assertion of this power by the Legislature is not unconstitutional, But the second section of the act, so far as it permits an election with the creditor whether he will sue or not, is in conflict with the first section, and also with the spirit of the act ; and so far as it provides for the release and discharge of securities as a consequence of bringing suit, it is in conflict with the Constitution of the United States, and of this State.

An endorser of a secured note may, under the above act, compel the holder to exhaust the se‾ curity before resorting to him.

## Points and Authorities for Appellant.

I.—The District Court erred in refusing to set aside the judgment entered on pretence of failure to answer, because the Defendant's answer was lawfully served in time. Facts : Summons served Octobor 4, 1860 ; notice of retainer served by mail, October 8, 1860 ; copy of complaint served personally on Defendant's attorneys, October 15, 1860 ; copy of answer served by mail, October 29, 1860 ; judgment on failure to answer, November 5, 1860, without notice. Authorities : *Comp. Stat.*, 537, *ch.* 60, *sec.* (51) XLVII ; *ib.*, 628, *ch.* 72, *sec.* 26; *ib.* 555, *ch.* 60, *sec.* (173), *subdivision* 1; *Graham's Prac.*, 513, 520-21; 8 *Cow. Rep.*, 132; *Abbott's Plead.*, 138, *note* (*r*) ; 1 *Duer Rep.*, 601; 4 *ib.*, 45; 3 *Abb. Pr. R.*, 253; 4 *Sand., R.*, 696; 8 *How. Pr. R.*, 51; 5 *ib.*, 5.

II.—The District Court erred in overruling the Defendant's motion for judgment in his favor on the pleadings. Because,

1. The facts stated in the answer and admitted in the reply,

show that another prior action for the same cause between the same parties, is pending in the District Court in and for the county of Nicollet in the Sixth Judicial District of this State, and that the Plaintiff's attempt to dismiss said prior action, is void. *Comp. Stat.*, 554, *ch.* 60, *sec.* (173), *subdivision* 1; *Act of March* 5, 1853, *secs.* 5 *and* 6, *contained in Compiled Stat.*, 480, &c., ch. 57; *Gates vs. Smith*, 2 *Minn. Rep.*, 30.

2. The Plaintiff prosecutes the Defendant as endorser of a promissory note. The answer shows and the reply admits that the payment of the note was secured by mortgage executed by the maker of the note and his wife to Plaintiff. The bringing of this action operates to release and discharge the mortgage security. *Ch.* 48, *p.* 216, *of the Laws of* 1860; 3 *Denio R.*, 274. The Defendant was, as endorser or surety for the maker of the note, entitled to the benefit of that security, and any release of that by the act of the Plaintiff, releases the Defendant from his liability as endorser or surety for the payment of the debt. *Pitnam on Prin. & Surety*, 175, 113, 203, 204; *Theobald on Prin. & Surety*, 125, 127, 186, 188, 95; 4 *Coms. R.*, 352, 312; 5 *Wend. R.*, 85; 10 *John. R.*, 525; 1 *Coms. Rep.*, 595; 2 *Coms. R.*, 352; 3 *Minn. R.*, 1; 1 *Story's Eq. Jur.*, sec. 327; *Coote on Mort.*, 481-82; 8 *Sergt. & Rawle*, 452; 13 *Sergt. & Rawle*; 157; 1 *Penn. R.*, 129, 240; 4 *John. Ch. R.*, 129; 8 *Pick. R.*, 122; 4 *Ves.*, 824; 1 *Nott & McCord R.*, 116; 5 *Hill R.*, 634; *Ross on Bills*, (*note*) 586, 592; *Broom on Com. Law.*, 451; *Smith's Mercantile Law*, 300, (*Hol. & Ghol. Ev.*)

III.—A motion was made by Defendant that all further proceedings on the part of the Plaintiff be stayed or enjoined until he had resorted to and exhausted the mortgage security made to him by the maker of the note. The Court has omitted to decide that motion, and pending it, the Plaintiff has been permitted to proceed to execution on his judgment. This is error.

Points and Authorities for Respondent.

I.—The order of December 26, 1860, opening the judgment of November 5, 1860, so far as to allow the Defendants

to answer, but preserving its lien until the further order of the Court, was correct, because, first, that judgment was regularly entered upon proper notice. The time for answering had expired. Where the complaint is not served with the summons, the Defendant has only twenty days from the service of the summons in which to answer, except where, upon demand, the complaint is served so late that a less period than ten days of the original twenty remains, in which latter case the party has ten days from such service in which to prepare and serve his answer. By no other construction can any effect be given to that clause of the statute that provides that the " Defendant shall have at least ten days thereafter to answer." In construing a statute, effect, if possible, must be given to all of its provisions. *Comp. Stats.*, 537, *ch.* 60, *sec.* (51), XLVII; *Smith's Commentaries, p.* 633, *sec.* 488, *et seq.; ib., p.* 647, *sec.* 502.

2d, The order does not involve the merits nor affect the judgment appealed from, but was one resting in the discretion of the Court, and is not reviewable. *Comp. Stat., ch.* 71, *sec.* (7) VII, *p.* 621; *Gale vs. Vernon,* 4 *Sand.,* 790; *Seely vs. Chittendon,* 10 *Barb. R.,* 303; *Tallman vs. Heinman,* 10 *Howard's Practice,* 89.

II.—The Defendant's motion for judgment upon the pleadings was properly denied.

1. The facts admitted by the pleadings do not show the pendency of a former action. The same was properly discontinued and dismissed. *Comp. Stats.*, 554, *ch.* 60, *sec.* (170), *subdivisions* 1 *and* 5.

The Plaintiff had the right without consent of Defendant to dismiss such former suit, no provisional remedy having been allowed and no counter claim having been made. The facts stated do not constitute a counter claim within the meaning of the statute. *Comp. Stats., p.* 541, *chap.* 60, *sec.* (71), *subdivisions* 1 *and* 2.

The counter claim which would prevent a Plaintiff from dismissing his action, must be such an one as would sustain an action on behalf of the Defendant against the Plaintiff, if the Plaintiff had not sued the Defendant, or such as would form the proper subject of a cross bill in equity. It must

show not merely that the Defendant has a good defence, but that he is entitled to some affirmative relief. 2 *Duer*, 642; 22 *Barb. S. C. R.*, 335; 3 *Kernan*, 252; 13 *How. Pr.*, 248; 10 *How. Pr.*, 72; *Voorhies' Code*, 5th *Ed.*, *p.* 172, *cases cited in notes under head of counter claim.*

(*a.*) The facts set up in the answer to the complaint in the former suit, presented no case for the interposition of the equity powers of the Court. If they furnished a defence at all (which is denied) it was one of which the party could have availed himself at law, and an equity court, under the old system, never interfered when an adequate remedy existed at law. *Gates vs. Smith*, 2 *Minn. R.*, 30.

2. The provisions of the " Act relating to mortgages and other securities," passed March 8, 1860, (*Sess. Laws* 1860, *ch.* XLVIII, *p.* 216,) have no application to the case at bar. That act only requires the holder of a mortgage, &c., to foreclose it, before suing upon the note, bond or contract for which the mortgage is security, under the penalty of forfeiting the security. The action in this case is founded not upon the contract for which the mortgage is security, but upon the contract of endorsement made by Swift, and the mortgage was not given to secure the performance of this latter contract.

Statutes of this character should be construed strictly and not be extended to cases not necessarily embraced within their provisions.

3. If the act in question, by its terms, necessarily reaches cases like the one at bar, then it is void as affecting and impairing the obligation of contracts. It engrafts upon the endorser's contract a new condition, and one unknown to it at the time it was made, viz : That he would not pay the note unless, and until, the holder of the note exhausted all the other securities of the nature referred to in this act, which he might hold against the maker, whatever might be the character of those securities or the solvency of the maker.

4. It is not admitted by the pleadings that Defendant was an accommodation endorser, or that he sustained the relation of surety to the maker of the note, nor that the Plaintiff had notice of the existence of any such relation ; nor do any of these facts appear in the case. Hence Defendant has not

brought himself within the rule which entitles a surety to the benefit of collaterals or discharges him in case they are destroyed. *Pitt et al. vs. Congdon,* 2 *Comstock's R.,* 352-54; *Hurd vs. Little,* 12 *Mass. R.,* 503; *Trimble vs. Thorne,* 16 *J. R.,* 152; *Bradley vs. Warren,* 6 *Wend.,* 613.

CHATFIELD & BUELL, Counsel for Appellant.

CORNELL & MANN, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—Under *section* 51, *page* 537, *of the Compiled Statutes,* a Defendant has the same time to answer a complaint after it is served upon him, that he had of unexpired time, when he served notice of appearance. In this case the summons was served on the 4th of October. The Defendant had until the 24th of October inclusive, in which to answer. He appeared in the action October 8th, by mail. The Plaintiff had until the 14th to serve his complaint. He served it on the 15th, and no objection was made. The Defendant at the time he appeared, had sixteen days left to answer in; he therefore had the same number of days after the 15th of October, the day when the complaint was served, which gave him until the 31st inclusive. He answered on the 29th and was in time.

The language of the statute is as follows: "And if the Defendant appear within ten days after the service of the summons, the Plaintiff must serve a copy of the complaint on the Defendant or his attorney within three days after the notice of such appearance, and the Defendant shall have *at least* ten days thereafter to answer the same." The effect of this statute is to put it in the power of the Defendant to enlarge the time to plead in every case where he waits until the the tenth day after the service of the summons before appearing, unless the Plaintiff serves his complaint on the same day the appearance is made, which is practically out of the question where the attorneys live at different and distant points. The meaning of the act clearly is that the Defendant shall have as near his twenty days as he pleases to secure by a prompt appearance, and never less than ten, if he postpones

it until the last day.   It is quite similar to the practice in England, and in New York prior to the code, where the Defendant served an order for a bill of particulars of the Plaintiff's demand.   He had the same time to plead after the particulars were rendered as he had when the original order was served.   *Graham's Practice*, 513; 8 *Cow.*, 132; 13 *East.*, 508. Or where oyer of a bond or deed was demanded.   *Graham's Practice*, 521.

Where a Defendant pleads in time, as he did in this case, the Court has no discretion on the question of opening up a judgment entered against him by default.   A motion for this purpose is not an appeal to the favor of the Court, but an application for the enforcement of a right, and a denial of it may be reviewed in this Court.   Where the answer is not in time, a motion for leave to plead is addressed to the discretion and favor of the Court, and not appealable unless such discretion is abused.

The answer in this case of a former suit pending, is not well pleaded.   The facts which are alleged to have been pleaded in the former suit, did not constitute such a counter claim as would prevent the Plaintiff from discontinuing his action.   The counter claim contemplated by the statute (*Comp. Stat.*, *p.* 541, *sec.* 71; *id.*, *p.* 554, *sec.* 170) must be one upon which an action can be maintained by the Defendant, at law or in equity.   10 *How. Pr. R.*, 67, 71-2-3; 13 *How. Pr. R.*, 248.   The secret agreement between Fletcher and Catlin not to resort to the security, if it amounted to anything at all, was no more than a defence to the note by the indorser. It is difficult to see how that fact could have formed the basis for an affirmative proceeding either at law or in equity.   It is quite doubtful whether it even constituted a good defence at law ; there was no consideration for the agreement, and Swift could have availed himself of the security as well with the agreement as if it had never been made.   Its existence certainly could not have been pleaded in defence of the mortgage either as against Fletcher or Swift, This being the only defence set up to the former suit, (*folio* 44, *Paper Book*,) there was no objection to the Plaintiff discontinuing it.

The other defence however entitled the Defendant to a judgment of dismissal upon the pleadings.

The act of March 8, 1860, *page* 216 *of the Session Laws* of that year, was evidently designed to compel parties whose demands were secured in the manner stated in the act, to proceed first to exhaust their securities before bringing suit upon the original claim. The assertion of such a power by the legislature, is warranted, and not in conflict with the constitution. It is merely regulating the order in which several remedies shall be pursued. The act says, if you hold a note or other personal demand, which is secured by mortgage or other collateral stated in the act, you shall not sue and obtain a personal judgment, until you have first resorted to your securities and exhausted them ; then an action may be maintained for any deficit.

The first section of the act is imperative " that no suit shall be brought." The second section permits the creditor to elect whether he will sue or not, but imposes the penalty of forfeiture of his securities as a consequence of bringing suit. As long as parties are permitted by law to take securities by mortgage or otherwise, and are allowed by the constitution, " a certain remedy in the laws for all injuries or wrongs which they may receive in their personal property or character," they cannot be deprived by the legislature of proper and reasonable remedies upon all contracts which they may make, that are valid at their inception. Nor can the enforcement of one be made to depend upon the abandonment of another. At the time this note and mortgage were made, they were both valid in the law and the owner of them was entitled to a " certain remedy " to enforce them. The Legislature has the power to declare the manner or order in which such remedy shall be urged or employed, but not to enact that the execution of one shall be at the expense of the other. It is said however that the statute gives an election to the creditor which remedy he will pursue, and that on making his selection, if he chooses to bring his action on the original demand in the first instance, the forfeiture of the security is his own act, and not that of the legislature. We think this argument, although specious, is sophistical. The legislature has no right,

directly or indirectly, mediately or immediately, to declare the forfeiture of contracts or even to impair their obligation. It is the duty of that branch of the government to furnish to the citizens " certain remedies for all injuries or wrongs, freely and without purchase, completely and without denial, promptly and without delay," in obedience to the constitution, and it is equally the duty of the judicial branch to see that he is not deprived of them.

The legislature has reached the limit of its power in the first section, in prescribing the order in which creditors shall pursue their remedies.  The second section, so far as it permits an election, is in conflict with the first, and also with the spirit of the act; and so far as it provides for the release and discharge of securities, it is in conflict with the Constitution of the United States, and of this State, which prohibit the passage of any law impairing the obligation of contracts, and consequently is void.

The note being secured, and the Defendant being party to the note as indorser, the security was as much for his benefit as for that of the holder, and falls within the spirit of the law. The Plaintiff could not maintain a suit upon the note until he had first exhausted the mortgage.

Judgment reversed.